# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 25, 2024

```
* * * * * * * * * * * * *
CRISTAL BELLO,                    *     No. 13-349V
                                  *     Special Master Young
            Petitioner,           *
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
*Kimberly Shubert Davey*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 22, 2013, Cristal Bello ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet. at 1, ECF No. 1. Petitioner alleged that the human papillomavirus ("HPV") vaccination Petitioner received on June 4, 2010, caused her to suffer from premature ovarian failure ("POF"/"POI") *Id.* Petitioner's case was ultimately consolidated with a group of other cases all alleging that the HPV vaccine caused POF. On August 30, 2021, I issued a Ruling on *Althen* prong one for this and seven other petitioners who had "consolidated their claims for the purpose of determining whether they have presented a sufficient causation theory." Findings of Fact and Conclusions of Law ("Findings of Fact") at 24, ECF No. 146 at 1-2; *Brayboy v. Sec'y of Health & Human Servs.*, No. 15-183V, 2021 WL 4453146, *1 (Fed. Cl. Spec. Mstr.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Aug. 30, 2021). I found that "the theory presented, while not applicable to all of them, does survive *Althen* prong one, [i]n instances where a petitioner can establish by a preponderant standard that she suffers from autoimmune POI." *ECF No. 146* at 24; *Brayboy*, 2021 WL 4453146, at *19. Following that ruling, determination of whether Ms. Bello suffered from autoimmune POI and factual analysis pursuant to *Althen* prongs two and three remained outstanding. On February 23, 2023, I issued my decision denying entitlement and dismissing the petition, concluding that Ms. Bello failed to show by a preponderant standard that her POI was autoimmune in nature, and thus there was no persuasive evidence that her injury was caused-in-fact by her HPV vaccination via the biological mechanism she proposed pursuant to *Althen* prong one. ECF No. 174.

Thereafter, Petitioner filed a Motion for Review of the entitlement decision to the U.S. Court of Federal Claims, which was assigned to Judge Stephen S. Schwartz. ECF No. 176; ECF No. 177. On August 22, 2023, Judge Schwartz denied Petitioner's motion, sustaining the February 23, 2023, entitlement decision. *Bello v. Sec'y of Health & Human Servs.*, 167 Fed. Cl. 517 (2023).

On February 19, 2024, Petitioner filed a final motion[3] for attorneys' fees and costs incurred by her current counsel at the Law Offices of Sadaka Associates, LLC, and by Petitioner's prior counsel at Krueger & Hernandez S.C. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 187. Petitioner requests total attorneys' fees and costs in the amount of $66,137.97[4], representing $44,026.61 in attorneys' fees and $10,555.56 in attorneys' costs incurred by the Law Offices of Sadaka Associates, LLC, and $11,388.80 in attorneys' fees and $166.98 in attorneys' costs incurred by Krueger & Hernandez S.C. Pet'r's Mot. for AFC, Ex. A at 24, Ex. B at 23-25. Petitioner also filed a supporting invoice on November 18, 2024. Pet'r's Mot. for AFC, Ex. C. Petitioner's counsel did not indicate that Petitioner incurred any additional expenses in pursuing this claim. Respondent responded to the motion on February 23, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 188. Respondent further stated, "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues . . . ." and requesting that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." *Id*. at 3-4. Respondent "urges that the hourly rates paid to experts who appear on behalf of respondent ($375.00) be considered when determining an appropriate hourly rate." *Id*. at 4. Petitioner filed a reply on February 27, 2024, asserting, in regard to expert costs, "the rate and amount sought by Petitioner is consistent to what has been awarded by this Court in the past for these experts" and requesting the fees and costs be awarded in full. Pet'r's Reply at 1, ECF No. 189.

---

[3] Petitioner's former counsel, Mark L. Krueger, was previously awarded $39,717.06 in interim attorneys' fees and costs. *Bello v. Sec'y of Health & Human Servs.*, No. 13-349V, 2017 WL 785692 (Fed. Cl. Spec. Mstr. Jan. 24, 2017)

[4] When added, the amount requested equals $66,137.9**5** not $66,137.9**7**.

This matter is now ripe for consideration.

## I.	Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.	Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[5]

Petitioner requests the following hourly rates for work of her former counsel: for Mr. Mark L. Krueger, $350.00 per hour for work performed in 2015, $363.00 per hour for work performed in 2016, and $376.00 per hour for work performed in 2017; and for Mr. Andrew M. Krueger, $200.00 per hour for work performed from 2015, through 2018. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and shall be awarded herein.

Petitioner requests the following hourly rates for the work of her current counsel, Mr. Mark Sadaka, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, and $482.00 per hour for work performed in 2023. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and shall be awarded herein.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed by Petitioner's former and current counsel to be reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is awarded final attorneys' fees for her current counsel, Mr. Mark Sadaka in the amount of $44,026.61, and for her former counsel, Mr. Andrew Krueger in the amount of $11,388.80, for a total attorneys' fees award of $55,415.41.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $166.98 in attorneys' costs from her former counsel at Krueger & Hernandez S.C. This amount is comprised of acquisition of medical records, copies, and postage. Pet'r's Mot. for AFC Ex. B at 24-25. These costs have been supported with the necessary documentation and are reasonable. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience.

---

[5] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests a total of $10,555.56[6] in attorneys' costs from her current counsel at the Law Offices of Sadaka Associates, LLC. This amount is comprised of work performed by Petitioner's medical experts, Dr. Orit Pinhas-Hamiel, Dr. David Axelrod, and Dr. Felice L. Gersh, acquisition of medical records, postage, and travel expenses. Pet'r's Mot. for AFC Ex. A at 24; Ex. B at 1-15; Ex. C. These costs have been supported with the necessary documentation and are reasonable.[7] Accordingly, Petitioner is awarded final attorneys' costs for her current counsel, Mr. Mark Sadaka in the amount of $10,555.56, and for her former counsel, Mr. Andrew Krueger in the amount of $166.98, for a total attorneys' costs award of $10,722.54.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | |
|---|---|
| Krueger & Hernandez S.C. | $11,388.80 |
| Law Offices of Sadaka Associates, LLC | $44,026.61 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$55,415.41** |
| | |
| Attorneys' Costs Requested | |
| Krueger & Hernandez S.C. | $166.98 |
| Law Offices of Sadaka Associates, LLC | $10,555.56 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$10,722.54** |
| | |
| **Total Attorneys' Fees and Costs** | **$66,137.95** |

**Accordingly, I award a lump sum in the amount of $66,137.95 (comprised of $44,026.61 in attorneys' fees and $10,555.56 in attorneys' costs incurred by the Law Offices of Sadaka Associates, LLC, and $11,388.80 in attorneys' fees and $166.98 in attorneys' costs incurred by Krueger & Hernandez S.C.), representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her current counsel, Mr. Mark T. Sadaka.**

---

[6] Although Mr. Sadaka included Mr. Krueger's fees and costs in his request for costs, Mr. Krueger's fees were included separately under Petitioner's attorneys' fees, and Mr. Krueger's costs were included separately under Petitioner's attorneys' costs. Thus, Mr. Krueger's fees and costs are not included with Mr. Sadaka's attorneys' costs.

[7] In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for the work of Dr. Hamiel, Dr. Axelrod, or Dr. Gersh. Rather, in light of the work product submitted into the record by these individuals, I find that the total amounts for their work, respectively, are reasonable.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.